UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS FENOL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv1104 DRL-SJF |

OPINION AND ORDER

Immigration detainee Louis Fenol, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Fenol is a native and citizen of Haiti who entered the United States without admission or inspection at an unknown time [8-1]. On November 15, 2025, he was arrested in Indiana and charged with disorderly conduct and battery resulting in bodily injury. On November 19, 2025, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. ICE then served a notice to appear, initiating removal proceedings.

On January 29, 2026, Mr. Fenol received a custody redetermination hearing before an immigration judge. The immigration judge denied bond after concluding his recent criminal charges showed he posed a danger to the community and a flight risk. Mr. Fenol did not appeal that bond decision to the Board of Immigration Appeals (BIA). On March 13, 2026, an immigration judge ordered his removal. He appealed this removal order to the BIA, and

that appeal still is pending. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. Mr. Fenol argues in his habeas petition that his prolonged detention without a bond hearing violates his due process rights.

The Warden argues that Mr. Fenol is categorized under 8 U.S.C. § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—and that he already received all the process he is due. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also*

8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Here, immigration officials issued a warrant for Mr. Fenol's arrest, which accords with § 1226(a). Mr. Fenol then received a custody redetermination hearing before an immigration judge, and the immigration judge considered his request on the merits and determined he should remain in custody because he posed a danger to the community and a flight risk. Mr. Fenol had the option to appeal that decision to the BIA, but there is no evidence he did so. The record indicates § 1226(a) has been followed in Mr. Fenol's case.

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991).

Mr. Fenol gives no reason to believe this process is insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

Last, Mr. Fenol argues in his reply that the law entitles him to 90-day or 180-day custody reviews, but he cites nothing in support and there is no such provision contained in § 1226(a) or its implementing regulations. He may be referring to the Supreme Court's holding in *Zadvydas*, which imposed time limitations in the case of post-removal detention to ensure that such detention is not indefinite where the petitioner cannot be removed within a reasonable period of time. That case applies to *post*-removal detention, whereas Mr. Fenol is challenging his *pre*-removal detention while his case winds through the administrative process.

Although due process requires that agencies follow their own regulations, that was done here as far as the present record reveals. *See Accardi*, 347 U.S. at 268. Based on the present record, Mr. Fenol has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the habeas petition (ECF 2) and instructs the clerk to close this case.

SO ORDERED.

October 5, 2026

*s/ Damon R. Leichty*
Judge, United States District Court